The Court,

Wootten, J.,

charged the jury: The object of this action is to recover the possession of the premises in question, and to do this the plaintiff must prevail on the strength of his own title, and not upon any weakness or defect in the claim of his adversary. He rests his right tó recover, first, upon the' ground of his legal title to two-thirds and the three-fourths of another third of the lot from a certain Isaac Jones, traced down through a chain of paper title to himself; and secondly, on the ground of a judgment obtained by default in 1849, in a former action of ejectment between him and the defendant for the recovery of the premises, and his peaceable re-entry and possession of the premises from that time until 1850, when he was forcibly evicted, as he alleges, from them by the defendant. The defendant, on the contrary, resists his right to recover, first because, as she alleges, she and her husband, under whose will she claims to own the property, have together been in the peaceable and continuous possession of it for" more than twenty years prior to the commencement of the present action, as the rightful owners of it, and secondly, on the ground that the recovery of the judgment by default by the plaintiff, in the former action of ejectment between them, was no evidence of title in him to the premises, and that his entry afterwards upon the premises, without writ, was itself an act of trespass, and gave him no right of éntry and no right of possession, so as to interrupt the adverse possession of the defendant. We may therefore regard the case as substantially turning and depending on the question whether the defendant has succeeded in establishing in herself and her husband, under whom she claims, a continuous and uninterrupted adverse possession of the premises for a period of twenty years or more previous to the commencement of the present action. *244 If she has, then your verdict should be for the defendant; but if she has not, then it should be for the plaintiff. If, therefore, it should appear to you from the evidence that before this possession of twenty years was complete, the defendant was actually'out of possession and the plaintiff was let into it, either upon a writ of possession under the former recovery of judgment by default, or by the consent or voluntary surrender of the defendant of the possession, it would not be such a continuous adverse possession as would constitute a valid defence to the present action; for the effect of such a recovery and possession Under it would be to interrupt her possession, and her subsequent re-entry and eviction of the plaintiff could not complete it. A recovery in an action of ejectment is not conclusive as to title, but it is evidence of the right of possession of the party recovering at the time of recovery; and if the plaintiff in this case was let into possession of the premises under the former recovery, either by a writ of possession or by the consent of the defendant, and she has not shown a continuing adverse possession of twenty years prior to that time, the plaintiff is entitled to recover. The case turns, therefore, as we have before remarked, very much, if not entirely, on the question of possession by the defendant. If the plaintiff has established a legal title to all, or a portion of the lot, and the defendant has not shown an uninterrupted adverse possession of twenty years in herself and those under whom she claims, he is entitled to a verdict for all, or such part of it as he has established a legal title to; but if the defendant has succeeded in proving to your satisfaction such a possession for twenty years, or more, previous to the recovery of the judgment by default, and the entry of the plaintiff afterwards, the verdict should be for the defendant, notwithstanding the legal title to the premises may have been shown to be in the plaintiff
After the jury had retired, and had been all night deliberating on their verdict, the fdllowing inquiry was propounded by them in writing to the Court: “ Will the *245 Court inform the jury whether the judgment obtained by default, by Mr. Bright, the plaintiff, legally interfered with the right of possession of Mrs. Stevens, the defendant ?” To this inquiry the Court replied that the judgment by default in the former action of ejectment between the parties legally established the right of the plaintiff to the possession of the premises, but unless it was followed by an entry into possession, either by a writ of possession or personally without writ, but with the consent or by the surrender or abandonment of the defendant, such judgment would have no effect on the defendant’s possession, or upon the question of title founded upon her part on an actual and uninterrupted adverse possession of twenty years’ continuance.
Verdict for defendant.